**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBBIE D. BISPO, | No. 08-36052 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-01223-PK |
| v. | |
| GSW, INC.; AMERICAN WATER HEATER COMPANY, doing business as US Craftmaster; LOWE'S HIW INC; BLUE STAR GAS SERVICE, LTD dba Blue Star Gas Service; CHEVRON U.S.A. INC., | MEMORANDUM [*] |
| Defendants, | |
| and | |
| ROBERTSHAW CONTROLS COMPANY, dba Invensys Appliance Controls dba as Invensys Controls, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted December 11, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

Plaintiff Robbie D. Bispo ("Bispo") appeals the district court's award of summary judgment to defendant Robertshaw Controls Company ("Robertshaw") on Bispo's claims of strict products liability and failure to warn. Bispo was severely injured when he unwittingly ignited a large quantity of propane gas that collected in his basement after the rubber seal on a valve in his hot water heater became displaced. Robertshaw manufactured the valve.

(1) Bispo first argues that the district court erred in concluding that a reasonable jury would necessarily find that the benefits of Robertshaw's valve design outweighed the risks. In a strict products liability claim in California, a prima facie showing that the product's design caused the injury shifts the burdens of production and proof to the defendant regarding risk-benefit. *Barker v. Lull Engineering Co.*, 20 Cal.3d 413, 431-32 (Cal. 1978).

Here, there was undisputed evidence that Robertshaw's valve included a rubber seal[1]; that the rubber seal on Bispo's water heater was designed in a manner that allowed it to become displaced under high pressure; and that the displacement of the rubber seal allowed gas to flow through the valve and into Bispo's basement. The design of the valve, therefore, was a "substantial factor" in causing Bispo's injury. *See Campbell v. General Motors Corp.*, 32 Cal.3d 112, 125 (Cal. 1982). Bispo also made a sufficient showing that the injury was foreseeable, because several Robertshaw valves had failed in the past and Robertshaw should have known that propane tanks can supply far more pressure than its valves were designed to withstand.

In granting summary judgment because Bispo failed to produce evidence of risk, the district court misapplied California law. Even where a plaintiff never so much as mentions "risk-benefit," a prima facie showing of injury and causation shifts the burden to the defendant. *McCabe v. American Honda Motor Co.*, 100 Cal. App. 4th 1111, 1127 (Cal. Ct. App. 2002). In any event, the district court's determination that Bispo produced no evidence of risk was clearly incorrect. The

---

[1]Some of the experts deposed by the parties refer to the rubber part of the valve as a "seat," others as a "seal." We adopt the latter term.

accident itself, caused by the failure of the rubber seal and resulting in severe injury, is evidence of risk.

Moreover, Robertshaw did not show any benefits of its valve design. *See Bernal v. Richard Wolf Medical Instruments Corp.*, 221 Cal. App. 3d 1326, 1335 (Cal. Ct. App. 1990) (holding that the defendant, not the plaintiff, bears the burden with regard to feasible alternative designs). Robertshaw cannot carry its burden of showing that risk is outweighed without presenting some evidence of a benefit that the risk is outweighed *by*. Entry of summary judgment on Bispo's risk-benefit theory of strict liability was improper.

(2) Bispo next challenges the entry of summary judgment on his consumer expectations theory of strict liability. Strict products liability, however, may not be premised on the consumer expectations theory when "the question of how safely the product should have performed cannot be answered by the common experience of its users." *Soule v. General Motors Corporation*, 8 Cal. 4th 548, 556 (Cal. 1994). A product's complexity is not controlling. Rather, "[t]he critical question is whether the '*circumstances of the product's failure* permit an inference that the product's design performed below the legitimate, commonly accepted minimum safety assumptions of ordinary consumers.'" *McCabe*, 100 Cal. App. 4th at 1122-23 (quoting *Soule*, 8 Cal. 4th at 568-69). We see no reason to disturb the district

4

court's conclusion that ordinary consumers have no firm expectations regarding the gas pressure that safety valves should withstand.

(3) Bispo challenges the district court's entry of summary judgment on the claim of failure to warn on the ground that the risk posed by Robertshaw's valve was unknown and unknowable. For the reasons we have mentioned, it was error for the district court to conclude that the risk of failure of Robertshaw's valve was unknowable as a matter of law. However, Bispo has presented no facts — or even any specific argument — tending to show that additional warnings would have effectively averted any risk, especially in light of the fact that the component valve was ultimately sold to consumers by a sophisticated intermediate user. *See Johnson v. American Standard, Inc.*, 43 Cal.4th 56, 65 ("[The sophisticated user] defense applies equally to strict liability and negligent failure to warn cases."). For that reason, entry of summary judgment on Bispo's failure to warn claim was proper.

The district court's entry of summary judgment is REVERSED and the case REMANDED for further proceedings.

5